

**Main Office**
675 Morris Avenue, Suite 300
Springfield, New Jersey 07081
973.845.6606 (Main)
973-232-5744 (Direct)

Lawrence N. Lavigne, Esq.ᵛ‡#
Jamison M. Mark, Esq.ᵛΔ
Edward J. Herban, Esq.ᵛ‡
Edward C. Monaghan, Esq.ᵛ
Taylor M. Ruggieri, Esq.ᵛ
Steven L. Schepps, Esq.^†
Christopher McEvilley, Esq.^ᵛ*
Michael D. Russo III, Esq.^ᵛ†

ᵛNew Jersey Bar
‡New York Bar
ΔNorth Carolina Bar
▪Pennsylvania
^Counsel

#Certified by the N.J. Supreme Court as a Civil Trial Attorney

April 18, 2025

<u>*(VIA ECF)*</u>
The Honorable Edward S. Kiel, U.S.D.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101

      RE:    <u>**Rachel Pruchno v. Rowan University, et al,**</u>
              **Civil Action No. 1:24-cv-06619**
              **Pre-Motion Conference Request**

Dear Judge Kiel:

     This Firm represents Plaintiff Rachel Pruchno ("Plaintiff"). If Your Honor may recall, this is an employment matter brought under the New Jersey State's Law Against Discrimination Act (N.J.S.A. §10:5-1, et seq) for Rachel Pruchno's allegations of Age Discrimination and Retliation committed by her former employer, Rowan University, Defendants Provost Anthony Lowman, Dean Thomas Cavalieri, Interim Dean Richard Jermyn, Chair Kevin Overbeck, Associate Vice President of Human Resources Henry Oh, and Director of Human Resources Keith Burkhardt.

     On August 19, 2024, Defendants' filed correspondence requesting leave to file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)(herein referred to as "R. 12(b)(6).") Plaintiff responded, requesting leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1). Plaintiff's request was granted and Plaintiff filed an amended complaint.

     Subsequently to that filing, Defendants again requested to file a Motion to Dismiss the Second Amended Complaint (Plaintiff amended her complaint while it was pending in state court, prior to Defendants' removal of the action to this Court on diversity grounds.) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded to Defendants' request. Chief Judge Bumb found that a pre-motion conference would not be productive and granted Defendants' request to file their motion.

Only by appointment**     661 Franklin Avenue, Suite 1A     68 N. Bridge Street, Suite 1A
                                   Nutley, New Jersey 07110        Somerville, New Jersey 08876
                                     201-787-9406                       908-626-1001

Plaintiff opposed Defendants' motion. Defendants' motion is fully briefed and pending before Your Honor.

Subsequently to the briefing of that motion (and the filing of Plaintiff's amended pleading in this Court), occurrences transpired between Defendants and Plaintiff that give rise to new and separate causes of action under the New Jersey Law Against Discrimination. Specifically, Defendants unlawfully terminated Plaintiff's employment. However, in terminating Plaintiff's employment, instead of completely severing her employment relationship, Defendants officially placed Plaintiff on a temporary leave of absence and refused to continue to pay Plaintiff while Plaintiff's Union grievance is pending. It is Plaintiff's position that the pending suspension should have been with pay, as University Policy.

It is Plaintiff's position that the University created a pre-textual reason for her suspension and then termination such that "Plaintiff resigned" her employment when she refusing to teach assigned classes[1] in person. This position is a tacit admission that Defendants are retaliating against Plaintiff for bringing the claims contained in her Second Amended Complaint. To wit: Plaintiff contends that she has been ready, willing and able to teach courses for which she has the proper credentials to teach. The foregoing is further evidence of Defendants' concealed nefarious intentions – in Defendants' motion to dismiss, Defendants contend that they did not remove her from her position as Director of Research for the Center for Aging (now, the New Jersey Institute for Successful Aging [NJISA] at Rowan-Virtua) because of her age, instead, they contend that they removed her from that position because she refused to continue to perform the grant writing task, which she was previously excused from performing…because of her age. Here, Defendants are claiming that they did not terminate her employment because she complained about Defendants demoting her because of her age, they terminated her employment because Plaintiff refused to teach classes…which Defendants know she's not qualified to teach. The factual basis to suspend and terminate Plaintiff's employment was clearly pretextual.

In taking the actions that it did in deciding to terminate Plaintiff's employment, Defendants cut off Plaintiff's source of income and her health benefits. Adding insult to injury, Defendants' actions (keeping her technically employed) prevented Plaintiff from filing an unemployment claim and/or accessing her retirement savings, and prevented her from receiving Medicare health insurance, and benefits. Defendants also abruptly terminated Plaintiff's email access. Plaintiff needed this access to continue working on a book she was writing. This book is related to her work at Rowan University.

In sum, Plaintiff alleges that Defendants' recent actions are further acts of discrimination and Retaliation for Plaintiff engaging in the protected activity of filing the instant lawsuit. Because these occurrences happened after the date of the pleading of Plaintiff's Second Amended Complaint, Plaintiff seeks leave to file a motion to file a Third Amended Complaint to include these new causes of action pursuant to Federal Rule of Civil Procedure 15(d).

---

[1] Plaintiff maintains (and has maintained) that Defendants' mandate that she teach certain courses for which she is unqualified to teach is merely a furtherance of the discrimination about which she previously complained – Defendants made a demand that Plaintiff teach a course for which she doesn't have the proper background to teach knowing that Plaintiff would refuse to teach said course. Then Defendants used Plaintiff's refusal as ground for terminating her employment. Not only is this a continuation of the discrimination she suffered because of her age, but it is a violation of her union contract.

I look forward to Your Honor's response.

Respectfully submitted,
**MARK | LAVIGNE, LLC**

**EDWARD J. HERBAN, ESQ.**
eherban@newjerseyattorneys.com

EJH
cc:   Client (via Email only)
      Counsel (via ECF only)